STILLMAN LEGAL PC
LINA STILLMAN, ESQ
AYGUL CHARLES, ESQ
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

NORMA FLORES *individually and on behalf of others similarly situated*,

                *Plaintiff,*

 -against-

AVI GLATT KOSHER 2 CORP, LAVI GLATT, INC (DBA AS AVI GLATT SUPERMARKET) and AVI JAJATI, KHALIL JAJATI, MORDIE JAJATI and MURAD JAJATI

                *Defendants.*

-----------------------------------------------------------------X

**COLLECTIVE ACTION UNDER 29 U.S.C.§ 216(b)**

**COMPLAINT**

      Plaintiff Flores individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through her attorneys, Stillman Legal PC., allege upon her knowledge and belief, and as against AVI GLATT KOSHER 2, LAVI GLATT, INC (d/b/a AVI GLATT SUPERMARKET) (together, hereinafter "AVI GLATT SUPERMARKET" or "Defendant Corporations") and AVI JAJATI , KHALIL JAJATI, MORDIE JAJATI and MURAD JAJATI and (each an "Defendants") collectively with Defendant Corporations , "Defendants"), allege as follows:

**<u>NATURE OF THE ACTION</u>**

      1) Plaintiff was an employee of Defendants AVI GLATT KOSHER 2, LAVI GLATT, INC LLC (d/b/a AVI GLATT SUPERMARKET) AVI JAJATI, KHALIL JAJATI,

MORDIE JAJATI and MURAD JAJATI Defendants own, operate or control a Deli under the name "AVI GLATT SUPERMARKET" in Brooklyn, NY.

2) Upon information and belief, Defendants AVI JAJATI, KHALIL JAJATI, MORDIE JAJATI and MURAD JAJATI serve or served as owners, managers, principles of Defendant AVI GLATT SUPERMARKET, and through the corporate entity operates or operated the Delicatessen as a joint or unified enterprise.

3) Plaintiff was an employee of the Defendants. She was primarily employed to perform various duties of Supermarket Clerk.

4) Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that she worked. Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium. Further, Defendants failed to pay Plaintiff the required "spread of hours pay for any day in which she had to work over 10 hours a day.

5) Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. At all times relevant to this complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

6) Plaintiff now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.§ 201 *et seq*.("FLSA"), and for violations of the N.Y.

Lab.Law §§ 190 *et seq*.and 650 *et seq.*(the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y.COMP.CODES R.& REGS. tit.12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

7) Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

8) This Court has subject matter jurisdiction pursuant to 29 U.S.C.§ 216(b) (FLSA), 28 U.S.C.§ 1337 (interstate commerce) and 28 U.S.C.§ 1331 (federal question). Supplemental jurisdiction over Plaintiff ' state law claims is conferred by 28 U.S.C.§ 1367(a).

9) Venue is proper in this District under 28 U.S.C.§ 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

10) Defendants maintain their company headquarters and offices within this district, and Defendants operate Restaurant located in this district. Further, Plaintiff was employed by Defendants in this district.

## PARTIES
*Plaintiff*

11) Plaintiff Flores ("Plaintiff Flores") is an adult individual residing in Kings County, New York. Plaintiff Flores was employed by the Defendants from approximately on or about April 2018 until February 2021.

12) Defendants own, operate, or control a Kosher Supermarket located at 805 Avenue U, Brooklyn NY under the name of AVI GLATT SUPERMARKET, at all times relevant to this complaint.

13) Upon information and belief, AVI GLATT KOSHER 2 CORP 2, LAVI GLATT, INC are Corporations organized and existing under the laws of the State of New York. Upon information and belief, they maintain their principal place of business at 805 Avenue U, Brooklyn NY. Upon information and belief, Individual Defendants AVI JAJATI, KHALIL JAJATI, MORDIE JAJAT and MURAD JAJATI are individuals engaging (or who were engaged) in business with this district during the relevant time. Defendants are sued individually in their capacity as owners, officers and/or agents of the Defendant Corporations.

14) Defendants AVI JAJATI, KHALIL JAJATI, MORDIE JAJATI and MURAD JAJATI and possess or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations or controlled significant functions of Defendant Corporations. Defendants AVI JAJATI, KHALIL JAJATI, MORDIE JAJATI and MURAD JAJATI and determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

15) Defendants operate a Kosher Supermarket establishment in Brooklyn, NY.

16) Defendants maintain as their principal place of business a centralized office, located At 805 Avenue U. Individual AVI JAJATI, KHALIL JAJATI, MORDIE JAJATI and MURAD

JAJATI possess or possessed operational control over Defendant Corporations, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

17) Upon information and belief, Defendant AVI JAJATI, KHALIL JAJATI, MORDIE JAJATI and MURAD JAJATI and serve or served as Chairperson and/or as Chief Executive Officer of Defendant Corporations.

18) Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19) Defendants possess or possessed substantial control over the Plaintiff (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff, and all similarly situated individuals, referred to herein.

20) Defendants jointly employed the Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C.201 *et seq*.and the New York Labor Law.

21) In the alternative, the Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

22) At all relevant times, Defendants were the Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of his employment and determine the rate and method of any compensation in exchange for Plaintiff services.

23) In each year from 2015 to the present, the Defendants, both separately and jointly,

had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

24) In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. As example, numerous items, such as soap, brushes and cleaning materials and Kosher foods that were used in the Kosher Supermarket on a daily basis were produced outside of the state of New York.

*Individual Plaintiff*

25) The Plaintiff was an employee of the Defendants, and was primarily employed as a Supermarket Clerk (Helping in the kitchen, packing internet orders and at times in the meat department).

26) She seeks to represent a class of similarly situated individuals under 29 U.S.C.216(b).

*Plaintiff*

27) Plaintiff Flores worked for Defendants from approximately April 2018 until February 2021.

28) Plaintiff Flores' duties included cooking and arranging internet orders at the Supermarket.

29) Plaintiff Flores regularly handled goods in interstate commerce, such as food, vegetables and other kosher items produced outside of the State of New York.

30) Plaintiff Flores' work duties required neither discretion nor independent judgment.

31) Plaintiff Flores worked in excess of 40 hours per week without appropriate overtime compensation (See Exhibits).

32) From approximately 2018 until 2020, Plaintiff Flores was paid $11.00. Her salary was raised to $13.00 per hour in 2019 (See Exhibit A). Plaintiff worked an average of 60 hours per week and had to punch in and out.

33) Defendants did not provide Plaintiff Flores with any document or other statement accounting for her actual hours worked or setting forth the rate of pay for all of her hours.

34) No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Flores regarding overtime and wages as required under the FLSA and NYLL.

35) Defendants did not provide Plaintiff Flores with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

36) Defendants never provided Plaintiff with a written notice, in English and in Spanish (Plaintiff Flores primary language), of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

37) At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours' compensation, as required by federal and state laws. Defendants' pay practices resulted in Plaintiff not receiving payments for all their hours worked, resulting in Plaintiff effective rate of pay falling below the required minimum and overtime wage rate.

38) Plaintiff has been victim of Defendants' common policy and practices violating her rights under the FLSA and New York Labor Law by not paying them the wages she was owed for the hours she had worked.

a. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

b. Defendants unlawfully misappropriated charges purported to be gratuity, received by Plaintiff and other delivery workers in violation of New York Labor Law § 196-d (2007).

c. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

d. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

e. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

f. Defendants did not provide Plaintiff with any document or other statement accurately accounting for their actual hours worked and setting forth rate of minimum wage and overtime wage.

g. Defendants did not provide Plaintiff with any break periods.

## FLSA COLLECTIVE ACTION CLAIMS

39) Plaintiff brings their FLSA minimum wage, overtime, and liquidated damages claims

as a collective action pursuant to FLSA Section 16(b), 29 U.S.C.§ 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

40) At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

41) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FLSA COLLECTIVE ACTION CLAIMS

42) Plaintiff brings her FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C.§ 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

43) At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

44) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
**(Violation of the Overtime Provisions of the FLSA)**

45) Plaintiff repeat and reallegess all paragraphs above as though fully set forth herein.

46) Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

47) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C.§ 255(a)

48) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violation of the New York Minimum Wage Act)**

49) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50) At all times relevant to this action, Defendants were Plaintiff' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

51) Defendants, in violation of the NYLL, paid Plaintiff than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

52) Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

53) Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

54) Plaintiff repeat and realleges all paragraphs above as though fully set forth herein.

55) Defendants, in violation of the NYLL § 190 *et seq.*and associated rules and regulations, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

56) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of N.Y.Lab.Law § 663.

57) Plaintiff (and the FLSA class members) have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

58) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59) Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

60) Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

# FIFTH CAUSE OF ACTION

## New York Labor Law – Failure to Provide Accurate Wage Statements

61) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62) Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout his employment listing, *inter alia*, all his regular and overtime hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

63) Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

    a. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C.§ 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

    b. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

    b. Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

c. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA class members;

d. Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e. Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

f. Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

g. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

h. Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

i. Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

j. Awarding Plaintiff and the FLSA and class members pre-judgment and post-

judgment interest as applicable;

    k. Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

    l. All such other and further relief as the Court deems just and proper.

    m. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of their respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

    n. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

    o. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

    p. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

    q. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
February 19, 2021

                                    STILLMAN LEGAL PC
                          By:    /s/Lina Stillman
                                    Stillman Legal, PC
                                    42 Broadway, 12th Floor
                                    New York, New York 10004
                                    Telephone: 1800-933-5620
                                    *Attorneys for Plaintiff*